■ In the Matter of the Claim of CAROL E. WADE, Respondent. GENERAL MOTORS CORPORATION, SAGINAW STEERING GEAR DIVISION, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [611 NYS2d 691] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 13, 1992, which ruled that claimant was entitled to receive unemployment insurance benefits.

General Motors Corporation (hereinafter the employer) appeals a determination of the Unemployment Insurance Appeal Board upholding the Commissioner of Labor's approval of claimant's cooperative education program as a vocational training course under Labor Law § 599 and determination that claimant was entitled to unemployment insurance benefits while she attended college as part of the program. We affirm. The facts, as adopted by the Board and amply supported by the hearing record, follow. In January 1990 the employer hired claimant, a college junior studying industrial technology, for a position in its cooperative education program. Under the program, claimant was to work for the employer for six months of each year and attend college the balance of the year. Claimant was paid a per diem salary while she worked for the employer. Although not paid a salary while she attended college, claimant was still treated as an employee and during those periods received all of the usual benefits of her employment, including health and life insurance and vacation and seniority accruals. Further, although not required, the employer anticipated that the program participants would pursue a career with it following their graduation. Consistent with the normal pattern for the employer's cooperative education program participants, claimant worked from January 1990 to August 1990, attended college during the fall 1990 semester, worked from January 1991 through the summer of that year and returned to college in September 1991, at which time she applied for unemployment insurance benefits and sought approval of her college program as a vocational training course under Labor Law § 599.

In our view, the foregoing facts provide adequate record support for the Board's conclusion that claimant did not leave her employment when she attended college for the fall 1991 semester and that, in fact, she would have violated the terms of her employment agreement if she had refused to attend college. That being the case, there is no merit to the employer's contention that claimant was ineligible for benefits because she voluntarily quit her job without good cause. Further, although claimant's employment technically continued when she attended college, because she performed no services for the employer and was not paid during those periods, she was totally unemployed within the purview of Labor Law §§ 522 and 511 (1) and thus eligible for unemployment benefits. As a final matter, because claimant's course of study fulfilled the criteria of Labor Law § 599 (1), the Board's determination upholding the Commissioner's approval of claimant's cooperative education program as a vocational training course is similarly supported by substantial evidence in the record. We are not at all persuaded by the employer's reliance upon the existence of the words "preservation of eligibility" in the heading to Labor Law § 599 for the contention that prior eligibility for unemployment benefits is an indispensable prerequisite to an employee's participation in a vocational training course.

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.